### Thomas Dwyer v. Ludwig Strenitz et al.

1. PRACTICE—*Assignment of Errors.*—A bill was dismissed for want of equity, and an injunction issued in pursuance thereof was dissolved. *Held*, that the propriety of the dismissal of the bill could not be considered under an assignment of error stating that "the court erred in dissolving the injunction."

2. APPELLATE COURT PRACTICE—*Technical Objections to Proof Not Ground for Reversal.*—A court of appeal may not shut its eyes entirely to what is common knowledge concerning attorney's fees allowable under the circumstances of a particular case, and if it is clear that an order in that respect is right, it will not reverse a decree and remand a cause for the purpose of removing technical objections to the proof.

**Bill,** for an injunction. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

KERR & BARR, attorneys for appellant.

RUFUS COPE and JOHNSON & McDANNOLD, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant filed his bill in equity to restrain the removal and re-location of a frame building, in violation of a city ordinance, upon a lot in the same block in which appellant owned property, and an injunction was granted

against the appellees, who were, respectively, the owner of the building and the house movers.

The appellees obtained a dissolution of the injunction for want of equity on the face of the bill, and an allowance to one defendant, the owner, of $75, and to the other defendants, the house movers, of $125, for their respective solicitor's fees in procuring such dissolution, and the bill was dismissed for want of equity.

The errors assigned by the appellant are:

" First.   The court erred in dissolving the injunction.

Second.   The court erred in overruling the exceptions to the master's report.

Third.   The court erred in entering a decree in favor of the defendants for damages on the dissolution of the injunction."

No error is assigned because of the dismissal of the bill.

If the bill were properly dismissed for want of equity, and the decree in that respect is not complained of, then it follows that the first and second assigned errors must wholly fail, and, also, that the third assigned error must fail except as to the amounts that were allowed for solicitor's fees.

There is no question but that each party defendant, the house owner and the house movers, were properly entitled to be represented by separate solicitors, nor but that their services in the case for which the allowances were made, were exclusively directed to the matter of obtaining a dissolution of the injunction.

The master, to whom the question of damages under the injunction was referred to hear evidence and report, found and reported, upon the evidence adduced, that the defendants, the house movers, were entitled to be allowed $200, and the other defendant, the owner, $100, as their respective reasonable solicitor's fees (which the court cut down to the sums named in the decree), and disallowed all claims for other damages.

The appellant's brief says:   " The proof, as found by the master, fails entirely to make a case for the allowance of

damages. There was no proof that the defendants, or either of them, paid, or became liable to pay, any sum for counsel fees, nor is there even proof that either of the counsel was employed on a *quantum meruit.*"

Such statement challenges the correctness of the master's report, which is abstracted, as compared with the evidence upon which it is based, which is not abstracted. The abstract does state the effect of some of the evidence, as expressed by the master in drawing his conclusions, but does not show any of the evidence itself, and we can not, with no aid from the abstract, say what the truth about it is.

We will not, however, base our decision upon that ground. It appears from the bill that the validity and application of a city ordinance—a question of fraud in obtaining what are styled fictitious and forged signatures by adjacent property owners to a consent for the removal of the building, and in obtaining the permit for such removal—and the effect of a negative covenant contained in all conveyances of lots in said block of land, including the conveyance to the appellee Strenitz of the lot upon which it was proposed to remove and place said building—were all raised and involved by the bill, and were necessarily to be considered upon the motion to dissolve the injunction. Each of such questions is important, and by mere statement may be seen to require time and labor to properly elucidate.

Even if we were to regard as being well taken, the points made in the brief of appellant against the technical accuracy, in form, of the proof made before the master, we ought to be unwilling to reverse the decree and send the cause back for the mere purpose of removing such technical objections to proof.

It is apparent, from the questions involved and the amounts allowed, that, if any allowance were ever made, it would not be for less sums.

We may not shut our eyes entirely to what is common knowledge concerning fees allowable under such circumstances.

Here, no error having been assigned upon the propriety of dismissing the bill for want of equity, and such error, if any, being thereby waived, the question of whether the bill were properly dismissed, and the injunction properly dissolved, would not be considered upon another appeal.

Upon all questions before us, we discover no substantial error, and the decree will be affirmed.